**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10213 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00279-JAD-PAL-1 |
| v. | |
| JOSHUA SADAT WASHINGTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted April 17, 2023[**]

Before:    CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Joshua Sadat Washington appeals pro se from the district court's order

denying his motion for return of property pursuant to Federal Rule of Criminal

Procedure 41(g).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In 2018, Washington was convicted of multiple offenses in the District of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nevada arising from his robbery of a Las Vegas jewelry store. The district court imposed $334,791.51 in restitution. Relevant to this appeal, Washington had been arrested for these offenses in Florida, at which time $1,933 was seized from him.

In 2021, Washington filed the instant Rule 41(g) motion, in which he sought the return of the $1,933 seized during his arrest. The district court denied the motion on the ground that Washington was required to file it in Florida, where the property was seized. After reviewing the parties' briefing, we ordered supplemental briefing concerning the government's assertion that the $1,933 had been paid towards Washington's restitution judgment in this case.

The exhibits attached to the government's supplemental brief support its assertion that the $1,933 at issue was disbursed by the district court clerk in 2019: $300 was paid towards Washington's special penalty assessment and $1,633 was paid to two of Washington's victims as partial satisfaction of the restitution judgment. These documents refute Washington's position that the money he seeks remains available. Washington's alternative argument that the restitution judgment is improper is outside the scope of a Rule 41(g) motion and, even if correct, does not provide a basis for return of the money paid in restitution. *See United States v. Hayes*, 385 F.3d 1226, 1230 (9th Cir. 2004) (holding that, even though the defendant had succeeded in overturning his conviction on collateral review, he could not recover under Rule 41(g) money paid in restitution to the victims

because the government cannot "return money it no longer has").[1]  Because there is no indication that the property at issue in Washington's Rule 41(g) motion is available, we affirm.  *See United States v. Doe*, 136 F.3d 631, 636 n.11 (9th Cir. 1998) (this court can affirm on any basis supported by the record, even if it differs from the rationale of the district court).

In light of this disposition, we do not reach the parties' remaining arguments.

**AFFIRMED.**

---

[1] Washington's 28 U.S.C. § 2255 motion, which challenges his conviction and restitution judgment, remains pending in the district court.  We express no view as to the merits of that motion.